DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas. After appellant Anthony Dominijanni pled guilty to one count of intimidation of a crime victim or witness, a first degree misdemeanor, the trial court sentenced him to a 45 day term of incarceration with credit for 11 days already served. Appellant now challenges that sentence, raising the following assignment of error:
 {¶ 2} "Whether the trial court erred in failing to follow the statutory guidelines set forth in R.C. 2929.22 when sentencing appellant?"
 {¶ 3} On March 1, 2000, appellant was indicted and charged with one count of intimidation of a crime victim or witness in violation of R.C. 2921.04(B), a third degree felony offense. The charge arose from allegations that on or about December 21, 2000, appellant communicated threats of harm to Meghan Searles, who had filed charges of domestic violence and aggravated burglary against her boyfriend, Michael Dominijanni, appellant's brother. Appellant also allegedly conveyed his threats against Searles to Sergeant Bradley Biller of the Bowling Green Police Department and to Searles' roommate, Karen Tagliamonte.
 {¶ 4} Appellant was originally convicted of the felony charge after a trial to the bench. That conviction, however, was reversed by this court in an opinion and judgment entry of July 20, 2001, and the case was remanded for a new trial. On the day that appellant's new trial was to commence, however, appellant and the state informed the court that they had reached an agreement as to a plea. Accordingly, on December 10, 2001, appellant entered a plea of guilty to an amended charge of intimidation of a crime victim or witness in violation of R.C. 2921.04(A), a first degree misdemeanor. The trial court requested an updated presentence investigation report and thereafter, on February 1, 2002, called the matter for sentencing. After hearing from the prosecutor, appellant's counsel and appellant himself, the court noted that in addition to those comments, the court had reviewed the file and the presentence investigation report. The court then stated: "The court feels that the probation would not be particularly helpful in this matter, particularly in view of the Defendant's attitude toward probation, so what I'm going to do is the following: I'm going to order that the Defendant submit to anger-control counseling and complete — successfully complete a treatment program, provide that information to the Probation Department to report to the Court. I'm going to impose a $100 fine and court costs, and in looking at the file, I felt at the time and I feel that at this time, still, the appropriate sentence in this case is 45 days in the Justice Center. I'm going to impose that and give him credit for time served." Thereafter, the court entered judgment on that sentence.
 {¶ 5} Appellant now challenges that sentence, asserting that the court failed to consider the statutory mitigating factors in imposing sentence.
 {¶ 6} In imposing a sentence for a misdemeanor offense, a trial court must consider the sentencing criteria set forth in R.C. 2929.22. The failure to do so constitutes an abuse of discretion. Cincinnati v.Clardy (1978), 57 Ohio App.2d 153. Nevertheless, when a misdemeanor sentence is imposed within the statutory limits, a reviewing court will presume that the trial judge followed the statutes, absent evidence to the contrary. Toledo. v. Reasonover (1965), 5 Ohio St.2d 22, paragraph one of the syllabus; State v. Townsend, 6th Dist. App. No. L-01-1441, 2002 Ohio 4077, ¶ 6. Finally, a trial court need not recite or explain the sentencing factors which it considered in imposing sentence for a misdemeanor offense. Townsend, supra at ¶ 6.
 {¶ 7} R.C. 2929.22 reads in relevant part:
 {¶ 8} "(A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim under sections 2930.12 to 2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender. (B)(1) The following do not control the court's discretion but shall be considered in favor of imposing imprisonment for a misdemeanor: (a) The offender is a repeat or dangerous offender; (b) Regardless of whether or not the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older, permanently and totally disabled, or less than eighteen years of age at the time of the commission of the offense. (c) The offense is a violation of section 2919.25 or a violation of section 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children. * * * (C) The criteria listed in divisions (C) and (E) of section 2929.12 of the Revised Code that mitigate the seriousness of the offense and that indicate that the offender is unlikely to commit future crimes do not control the court's discretion but shall be considered against imposing imprisonment for a misdemeanor. (D) The criteria listed in division (B) and referred to in division (C) of this section shall not be construed to limit the matters that may be considered in determining whether to impose imprisonment for a misdemeanor."
 {¶ 9} R.C. 2929.12(C) and (E), the mitigating factors referred to in R.C. 2929.22 which the court is to consider in imposing a sentence for a misdemeanor offense, read as follows: "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense: (1) The victim induced or facilitated the offense. (2) In committing the offense, the offender acted under strong provocation. (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property. (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense. * * * (E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes: (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child. (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense. (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years. (4) The offense was committed under circumstances not likely to recur. (5) The offender shows genuine remorse for the offense."
 {¶ 10} For a first degree misdemeanor, the trial court could have sentenced appellant to a maximum term of six months imprisonment and a maximum fine of $1,000. R.C. 2929.21(B)(1) and (C)(1). Appellant was ordered to serve 45 days in jail and to pay a fine of $100. Appellant's sentence was clearly on the low end of possible sentences for first degree misdemeanors and nothing in the record indicates that the trial court failed to consider the applicable sentencing factors. The court stated that it had reviewed the presentence investigation report. That report revealed the nature and circumstances of the offense and the history, character and condition of appellant. With regard to the mitigating factors, the record reveals that although appellant did not cause physical harm to Searles, he did have a prior conviction for possession of marijuana.
 {¶ 11} Upon review of the entire record, we cannot say that the trial court failed to consider the necessary sentencing factors in imposing sentence in this case, and the sole assignment of error is not well-taken.
 {¶ 12} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Wood County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, J., and George M.Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.